COPY

FILED

2012 AUG 30  PM 2:48

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1 | G. Thomas Martin, III, Esq. (SBN 218456)
**PRICE LAW GROUP, APC**
2 | 15760 Ventura Blvd., Suite 1100
Encino, CA  91436
3 | T: (818) 907-2030; F: (818) 205-2730
tom@plglawfirm.com
4 |
Attorneys for Plaintiff,
5 | MICHAEL STARKEY
6 |
7 |
8 |                    **UNITED STATES DISTRICT COURT**
9 |                    **CENTRAL DISTRICT OF CALIFORNIA**
10 |                    **SACV12-01424 MWF**  FMOx
Case No.:
11 | MICHAEL STARKEY
12 |         Plaintiff,          **COMPLAINT AND DEMAND FOR JURY TRIAL**
13 |                             **(Unlawful Credit Reporting Practices)**
JP MORGAN CHASE & CO. (FDBA
14 | EMC MORTGAGE CORP.);        **Demand Does Not Exceed $10,000**
EXPERIAN INFORMATION
15 | SOLUTIONS INC.; DOES 1 – 10,
16 | inclusive.
17 |
18 |         Defendants.
19 |                              **COMPLAINT**
20 |
21 |         Plaintiff MICHAEL STARKEY ("Plaintiff"), by his attorneys, Price
22 | Law Group, APC, alleges the following against Defendants JP MORGAN
23 | CHASE & CO. (FDBA EMC MORTGAGE CORP.) and EXPERIAN
24 | INFORMATION SOLUTIONS INC.:
25 |

## INTRODUCTION

1.     Count I of Plaintiff's Complaint against JP MORGAN CHASE & CO. (FDBA EMC MORTGAGE CORP.) is based on the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2.     Count II of Plaintiff's Complaint against EXPERIAN INFORMATION SOLUTIONS INC. is based on the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## VENUE AND JURISDICTION

3.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before "any appropriate United States district court, without regard to the amount in controversy."

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     Plaintiff, MICHAEL STARKEY, is a natural person who resides in the County of Orange, State of California.  Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 603(c).

6.     Defendant JP MORGAN CHASE & CO. (FDBA EMC MORTGAGE CORP.) (hereinafter "EMC") is a national corporation with offices throughout California.  At all relevant times herein, Defendant EMC was an entity which engaged in the practice of providing consumer information to consumer

reporting agencies, and is therefore a "furnisher of information" as discussed in 15 U.S.C. § 623 and other sections of the FCRA.

7.    Defendant EXPERIAN INFORMATION SOLUTIONS INC. (hereinafter "Experian") is a national corporation with its office in Costa Mesa, California.  At all relevant times herein, Defendant Experian was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports,  and is therefore a "consumer reporting agency" as defined by 15 U.S.C. §603(f).

8.    Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

9.    In or around November 2005, Plaintiff purchased real estate property in 11539 W. Windrose Drive El Mirage, Arizona 85335.

10.    In or around November 2005, Plaintiff obtained a loan from Defendant EMC in order to finance the El Mirage, Arizona property he purchased (last 4 digits of account no. 4842).

11. On July 17, 2008, Plaintiff filed for bankruptcy in the U.S. Bankruptcy Court Central District of California, Case No. 8:08-bk-13403-ES. Plaintiff included Defendant EMC's loan in his bankruptcy petition and Defendant EMC was served with notice of said petition.

12. Plaintiff was discharged in bankruptcy on October 28, 2008. Plaintiff's bankruptcy discharge removed Plaintiff's personal legal obligation to pay Defendant EMC's loan.

13. In or around 2008, the aforementioned El Mirage, Arizona real estate property subject to the EMC loan was foreclosed on.

14. In or around 2011, Plaintiff learned that his Experian credit report stated that the aforementioned EMC account was still "open" with the payment status noting "Foreclosure proceeding started."

15. The information reported by Defendant EMC stating that the account was still "open" and payment status at "Foreclosure proceeding started" are inaccurate.

16. Plaintiff thereafter contacted Defendant Experian on at least two separate occasions on or around April 2012 in order to dispute the erroneous remarks made by Defendant EMC.

17. To date, the inaccurate information reported by Defendant EMC remains on Plaintiff's Experian report.

18.     Despite Plaintiff's exhaustive efforts to date to remove the inaccurate credit information, Defendants have nonetheless repeatedly, deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to include accurate information, have failed to report on the results of the reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and has continued to report the derogatory information about Plaintiff.

19.     Plaintiff has applied for and been denied loans and extensions of consumer credit, and Plaintiff is informed and believes and was informed that the basis for these denials was the inaccurate and erroneous information that appears on Plaintiff's credit report.

20.     As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses related to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

21.     As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

22.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

23.     As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit file.

## COUNT I – FIRST CLAIM FOR RELIEF

**DEFENDANT JP MORGAN CHASE & CO. (FDBA EMC MORTGAGE CORP.) VIOLATED THE FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.***

**(Plaintiff v. JP Morgan Chase & Co. (FDBA EMC Mortgage Corp.))**

24.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25.     At times pertinent hereto, Defendant EMC was a "person" as defined by 15 U.S.C. § 1681a(b).

26.   Defendant EMC violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §s(2)(b);

(a)   willfully and negligently failing to conduct an investigation of the inaccurate information that plaintiff disputed;

(b)   willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant EMC;

(c)   willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies.

(d)   willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e)   willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by plaintiff;

(f)   willfully and negligently failing to provide all credit reporting agencies with the factual information and evidence that Plaintiff submitted to Defendant EMC, and which proved that the information concerning the Plaintiff's credit reports was inaccurate;

(g)   willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities; and

(h)    willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

27.    Defendant EMC's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant EMC is liable to compensate the Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by law.

## COUNT II – SECOND CLAIM FOR RELIEF

## DEFENDANT EXPERIAN VIOLATED THE FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.*

### (Plaintiff v. Experian Information Solutions Inc.)

28.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29.    At all times pertinent hereto, Defendant Experian is a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

30.    At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

31.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

32.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o, Defendant Experian is liable to the Plaintiff for engaging in the following conduct:

(a)     willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. § 1681i(a);

(b)     willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to the furnishing entities in violation of 15 U.S.C. §1681i(a);

(c)     willfully and negligently failing to provide all relevant information provided by the Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. § 1681i(a);

(d)     willfully and negligently failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

(e)     willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation in violation of 15 U.S.C. § 1681i(a);

(f)     willfully and negligently failing to note the dispute of the inaccurate information and in subsequent consumer reports in violation of 15 U.S.C. § 1681i(a);

(g)     willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff;

(h)     willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report information and file, in violation of 15 U.S.C. § 1681e(b);

(i)     willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(j)     willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

33.     The conduct of Defendant Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above, and, as a result, Defendant Experian is liable to the Plaintiff for the full statutory, actual and

punitive damages, along with the attorneys' fees and the costs of litigation, as well as such other further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

a) Actual damages;

b) Statutory damages;

c) Punitive damages;

d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

e) Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

DATED: August 28, 2012          **PRICE LAW GROUP APC**

By:_____
G. Thomas Martin, III
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MICHAEL STARKEY, demands trial by jury in this action.

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Michael Fitzgerald and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## SACV12- 1424 MWF (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

☒ **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

MICHAEL STARKEY

$ACV12-01424 MWF FMOx

_____

*Plaintiff*

)
)
JP MORGAN CHASE & CO. (FDBA EMC MORTGAGE CORP.); )    Civil Action No.
EXPERIAN INFORMATION SOLUTIONS INC.; )
DOES 1 – 10, inclusive. _____ )
)
*Defendant*                                        )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

JP MORGAN CHASE & CO.              EXPERIAN INFORMATION
(FDBA EMC MORTGAGE CORP.)          SOLUTIONS INC.
270 Park Ave                       475 Anton Blvd
New York, NY 10017                 Costa Mesa, CA 92626

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    G. Thomas Martin, III, Esq. (SBN 218456)
PRICE LAW GROUP, APC
15760 Ventura Blvd., Suite 1100
Encino, CA  91436
T: (818) 907-2030; F: (866) 397-2030
tom@plglawfirm.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  _____8/30/12_____

_____
*Signature of Clerk or Deputy Clerk*

1181

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>MICHAEL STARKEY | DEFENDANTS<br>JP MORGAN CHASE & CO. (FDBA EMC MORTGAGE CORP.); EXPERIAN INFORMATION SOLUTIONS INC.; DOES 1 – 10, inclusive. |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>G. Thomas Martin, III (SBN 218456); PRICE LAW GROUP, APC<br>15760 Ventura Blvd., Suite 1100, Encino, CA 91436<br>T: 818-907-2030 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Unlawful Debt Collection Practices

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☑ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

SACV12-01424

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☑No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☑No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
  ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date   08/30/2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |